## Sweeney v. Zoning Board of Adjustment of Middletown Township

*Clement J. McGovern, Jr.,* for appellant.

*Harry F. Dunn, Jr.,* for appellee.

CATANIA, J., May 31, 1972.—Appellant, Bessie M. Sweeney, now deceased, had since 1910 resided upon, and been the owner of, a tract of land of approximately 27 acres situate on Dutton Mill Road, in the Township of Middletown, County of Delaware and Commonwealth of Pennsylvania, having acquired the said premises from her father by deed dated June 26, 1925, recorded in the Office of the Recorder of Deeds of Delaware County, in deed book 671, at page 264. Counsel have agreed that for purposes of the proceedings, the late Mrs. Sweeney's

brother, Herbert T. Sweeney, Sr., is to be treated as the appellant in this action.

Appellee, Township of Middletown, Delaware County, Pa., is a municipal corporation authorized and existing pursuant to the laws of this Commonwealth as a second class township.

In 1915, the premises in question began to be used as a dump with the surrounding boroughs dumping trash on the site. This use was still being pursued in 1939 when the township passed its first zoning ordinance, thus creating a valid preexisting nonconforming use. Herbert T. Sweeney, Sr., began erecting a building on the property in the late 1930's. As a result of the passage of the zoning ordinance, he felt that a building permit would be in order and he applied for and received said permit on July 19, 1943. The permit was for the construction of a building for use in connection with the conduct of an orchard business. Specifically, the building was to be used for cold storage fruit, to house equipment and as a packing plant. The equipment included tractors, sprayers and trucks. The permit specifically noted that the building was to be used as a storage plant. Furthermore, the permit covered the area of building which is the subject matter of this appeal, and work was begun on the erection of said building in 1943 when Herbert T. Sweeney, Sr., poured the foundation for the entire building, including the addition in question.

In 1946, appellant also began an excavation business which was operated from the property on Dutton Mill Road. This business has continued up until the present time and the quantity of equipment used today is about the same as it was in the 1950's.

A portion of the building involved in this appeal was completed by 1948, at which time the orchard

business had dropped off considerably. Additionally, in 1948 appellant established nine acres of the property, including two large deep ravines, for use as a sanitary landfill in compliance with the regulations of the Pennsylvania Department of Health. The aforementioned landfill was the subject of injunctive proceedings brought by the Township of Middletown and a private landowner in 1961, at which time the Hon. Thomas A. Curran found the sanitary landfill to be a valid preexisting nonconforming use. Township of Middletown v. Bessie M. Sweeney, March term, 1961, no. 2751.

By 1951 the walls of the building in question had been constructed, although no roof had been placed thereon. Thus, it was used as an open air storage for parts, materials and equipment used in both the landfill and excavation business.

In April of 1967, G. Brinton Brown, building inspector for the Township of Middletown for at least the prior three years, noticed the building in question and decided to investigate. The building had been completed before the visit by Mr. Brown with the exception of the installation of an acoustical ceiling and carpeting. As a result of his inspection, Mr. Brown sent out a cease and desist order and the Township of Middletown brought an action against Bessie M. Sweeney for violation of the building code and violation of the zoning code. At the time of these proceedings, the property in question was zoned "R-2" or "R-3" residential. Among those uses being conducted upon the land areas surrounding appellant's property are the following: (1) a swim club; (2) greenhouses; (3) a gun club; (4) a rendering plant; (5) a meat processing plant; (6) a grocery store; (7) pumping station; (8) a large fruit and produce business; (9) and now a large shopping center.

It should be noted that some of these uses are being conducted in a township other than Middletown, but all affect this area of the township. Bessie M. Sweeney was convicted and fined by Magistrate Leiby of a violation of the township's building and zoning ordinances by reason of the building in question and the use of this premises for an excavation business use. On appeal to the Common Pleas Court of Delaware County, these convictions were reversed by the Hon. Francis J. Catania in Township of Middletown v. Bessie M. Sweeney, nos. 7143 and 7144 of 1967. The building permit had no time limit noted on it and no notice of expiration was ever given to appellant.

Shortly after receipt of the aforesaid cease and desist order, the appellant, on April 7, 1967, applied to G. Brinton Brown, Building Inspector of the Township of Middletown, to construct an addition to the existing building to be used for additional storage, maintenance and as an office. This building had already been completed, comprised 2,185 square feet, and would be used in connection with the excavation business as a storage area for parts and tools, as well as an office. This business primarily deals with site preparation work and neither the building nor the land are used for that. Most of the time the heavy equipment, including bulldozers, motor scrapers, front end motors, a motor grader, a crane (which has been on the premises since 1961), a tractor-trailer, trucks, an air compressor, a welder and a steam jennie, would be off of the premises at the excavation sites. The aforementioned equipment has, however, been on the premises at various times since the early 1950's. Repairs to this equipment, if possible, are accomplished at the excavation site rather than returning the equipment

to the premises. The request for a building permit was refused on the same day, April 7, 1967, the reason given significantly being that it was an expansion of a nonconforming use.

Appellant on May 3, 1967, appealed to the Board of Adjustment of Middletown Township requesting reversal of the building inspector's ruling, and a variance, a special exception or other constitutional relief. A hearing on this request was held May 24, 1967, and all of appellant's requests were denied, wherein appellant has appealed to this honorable court. The record before the board of adjustment has been certified to this court and counsel for appellee and appellant have agreed that the transcript from the appeal of the summary proceedings before Magistrate Leiby (Township of Middletown v. Bessie M. Sweeney nos. 7143 and 7144 of 1967) and certain pictures should be considered by this court as the additional testimony in the instant appeal, thus avoiding separate records containing the same testimony.

It is the law in Pennsylvania that ". . . prosecutions under municipal ordinances are civil, not criminal actions. . .": Philadelphia v. Home Agency, Inc., et al., 4 Comm. Ct. 174, 176 (1971). See also York v. Baynes, 188 Pa. Superior Ct. 581 (1959). In May of 1967, appellant was fined before Magistrate Leiby for a violation of the appellee's township building code based upon the alleged failure to have a permit to construct the building involved in the instant case and for a violation of the township zoning ordinance based upon the alleged illegality of appellant's use of the property for the excavation construction business. After a full and complete hearing before this court on September 16, 1969, appellant's appeals from the judgments at the magistrate's level were sustained. Thus the court recognized that appellant

had the right to construct the building in the instant case and furthermore that appellant had the legal right to use the premises for a construction excavation business. The township here, just as in the earlier summary proceedings, is alleging that appellant had no right to build the building and that appellant has no right to use the premises for the excavation construction business. The issues in both proceedings are, therefore, the same. The parties involved in these actions are identical. The subject-matter jurisdiction of the two judicial tribunals is identical. As a result, appellant urges, with the utmost emphasis, that the results in the two proceedings should be identical. With this, we agree. We, therefore, make the following

## ORDER

And now, to wit, May 31, 1972, this court being of the opinion that the parties involved in this action and the prior action of Township of Middletown v. Sweeney, nos. 7143 and 7144 of 1967, are identical and that the jurisdiction of the two judicial tribunals are identical, it is ordered and decreed that the appeal be and the same is hereby sustained and the township is directed to issue a building permit to appellant forthwith.