Philadelphia *v.* Rohm & Haas Company, Inc.

74

Argued February 9, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*S. Jay Sklar,* Assistant City Solicitor, with him *John Mattioni,* Deputy City Solicitor, and *Levy Anderson,* City Solicitor, for appellant.

*Louis C. Johanson,* with him *Henry Thomas Dolan* and *Fein, Criden, Johanson, Dolan & Morrissey,* for appellee.

OPINION BY JUDGE KRAMER, March 13, 1972:

This is an appeal from an Order of the Common Pleas Court of Philadelphia County discharging a rule to show cause why the appeal taken by Rohm & Haas Company, Inc. (appellee) should not be dismissed.

This action was commenced on June 7, 1971, by the filing of a "Code Enforcement Complaint" filed by the City of Philadelphia against the appellee charging it with ". . . odor emissions in violation of Section 3-201 of the Philadelphia Air Management Code—5/18/71."

The case was heard in the Philadelphia Municipal Court on July 16, 1971, at the conclusion of which the Municipal Court Judge found the appellee to be in violation of the Code and ordered a fine in the amount of $150.00 plus $6.00 costs. The fine and costs were paid that same date by the appellee. On July 26, 1971, the appellee filed a notice of appeal with the Court of Common Pleas of Philadelphia County in which it was specifically stated that the appeal was being taken under the Minor Judiciary Court Appeals Act, Act of December 2, 1968, P. L.    , No. 355, 42 P.S. 3001, et seq. On August 13, 1971, the City moved to quash the appellee's appeal, and on August 16, 1971, a rule was granted on the appellee to show cause why the appeal should not be dismissed. After argument and submission of briefs, the lower court discharged the rule, thereby dismissing the City's motion to quash. It is from this dismissal that an appeal was taken.

The City argues that the lower court was in error because the Minor Judiciary Court Appeals Act, *supra,* is restricted to criminal actions and cannot be utilized for the taking of appeals arising out of matters civil in nature, and that actions brought for alleged violations of the Air Management Code are civil in nature. The City further argues that the procedural vehicle by which appellee was to proceed in his appeal is to be found in the Philadelphia Municipal Court Act, Act of October 17, 1969, P. L. 259, 17 P.S. §711.1, et seq. The appellee countered this argument with the contention that a violation of the Air Management Code comes within the Minor Judiciary Court Appeals Act, *supra,* and in addition, appellee argues that even if this violation does not come within that Act, its appeal was to the correct court where appeals under both Acts (Minor Judiciary Court Appeals Act and Philadelphia Municipal Court Act) could be taken.

This Court on a very recent date (December 23, 1971) in the case of *City of Philadelphia v. Home Agency, Inc.,* 4 Pa. Commonwealth Ct. 174, 285 A. 2d 196 (1971), held that actions brought for violations of municipal ordinances, when brought through the municipal solicitor, are actions civil in nature even though the ordinance may provide for a fine or imprisonment or both. There we pointed out that a case is deemed to be a criminal action when the action for the violation is brought by the District Attorney of the county in the name of the Commonwealth. Both parties in this case agree that the action brought against the appellee was a civil proceeding. The disagreement arises out of the appellee's interpretation of Section 2(3) of the Minor Judiciary Court Appeals Act, *supra,* 42 P.S. 3002(3), which reads: " 'Summary proceeding' or 'summary case' means a case in which the issuing authority exercises summary criminal jurisdiction, including those cases arising under the Act of April 29, 1959 (P. L. 58), known as 'The Vehicle Code,' and all cases arising out of statutes, ordinances and the common law which define offenses and provide for a fine or imprisonment, or both, *or a civil penalty."* (Emphasis added.) Appellee contends that even though the proceedings may be termed to be civil, the violation charged against appellee falls into the category of a "summary proceeding" as set forth in the above-quoted section of the Act. We cannot agree with the appellee's contention.

The Minor Judiciary Court Appeals Act, *supra,* at Section 5, 42 P.S. 3005, provides for the appeal procedure to be followed in "civil proceedings," and in that section specifically excepts appeals from the Municipal Court of Philadelphia. It is quite clear to us that the intent and purpose of the Legislature in passing the Minor Judiciary Court Appeals Act, *supra,* was to provide the procedure to be followed in criminal cases originating in the City of Philadelphia.

Quite to the contrary of the appellee's argument, the Philadelphia Municipal Court Act, *supra,* at Section 3, 17 P.S. 711.3, provides: "The grant to the municipal court in clause (v) of subsection (r) of Section 16 of the Schedule to the Judiciary Article to the Constitution, of jurisdiction over civil claims involving less than five hundred dollars ($500), shall extend only to civil claims in trespass and assumpsit, *and actions for fines and penalties by any governmental agency involving less than five hundred dollars ($500) exclusive of interest and costs.* Judgment by confession shall not be entered in municipal court. Jurisdiction over civil claims in trespass shall extend to all forms of trespass." (Emphasis added.) The maximum fine under the City's Air Management Code is three hundred dollars.

Although it may be understandable that the appellee was misled by a reference to the words "civil penalty" in Section (2) of the Minor Judiciary Court Appeals Act, *supra,* under the definition of "summary proceeding," it is quite clear to us that Section (2) refers to summary criminal jurisdiction and not a civil proceeding such as was instituted against the appellee in this case under the Air Management Code. A careful reading of the Minor Judiciary Court Appeals Act and the Philadelphia Municipal Court Act clearly indicates a legislative intent to provide for appeals from the levying of fines and costs under the Air Management Code from the Philadelphia Municipal Court to the Court of Common Pleas of Philadelphia under the Philadelphia Municipal Court Act, *supra.* We note in passing that in Section 19 of the Philadelphia Municipal Court Act, *supra,* 17 P.S. 711.19, the statute provides: "Any party may appeal the judgment of the municipal court to the Common Pleas Court of Philadelphia within thirty days of the entry of judgment: Provided, however, That appeals from *summary convictions* in municipal court

shall be governed by the Minor Judiciary Court Appeals Act." (Emphasis added.) Summary convictions means to us criminal proceedings and not civil proceedings.

Appellee's argument that it makes no difference which statute was chosen because both lead to the same Court of Common Pleas is without merit. Each statute provides a different procedure to be followed tailored to the type of case involved, to which any party desiring to appeal must adhere.

Based upon the above analysis, we reverse the court below and quash the appeal of Rohm & Haas Company, Inc.