Riesberg Iron and Metal Company, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Appellee.

Argued November 8, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Marvin Schreiber,* for appellant.

*Charles J. Goetz,* for appellee.

OPINION BY JUDGE ROGERS, December 10, 1973:

Riesberg Iron and Metal Company, Inc., having been convicted before a Justice of the Peace of a violation of the Allegheny County Air Pollution Control regulations in a summary proceeding prosecuted by an inspector of the Bureau of Air Pollution Control of the Allegheny County Health Department represented by a Special County Solicitor, sought to appeal its conviction to the Court of Common Pleas of Allegheny County. After filing its appeal in that court, Riesberg served a copy of a notice of the appeal upon the District Attorney of Allegheny County; it failed to serve a copy of the notice of appeal upon the inspector or upon the Special

County Solicitor. The Common Pleas Court on motion of the prosecutor quashed the appeal for failure of Riesberg to comply with Section 3(c) of the Minor Judiciary Court Appeals Act, Act of December 2, 1968, P. L. 1137, 42 P.S. §3003(c), which is in pertinent part: "A copy of the notice of appeal shall within ten days after filing be served upon the issuing authority and district attorney, or if the summary case was prosecuted privately or by another public official, upon his counsel or such person."

Riesberg centers its argument on the conjunction "or" which it contends affords appellants the alternative in all cases of serving the copy of the notice of appeal upon either the district attorney or upon counsel for a public official prosecutor or upon the public official himself. Its argument conveniently ignores the prepositional phrase "if the summary case was prosecuted . . . by another public official," which clearly, in our view, establishes a requirement that in the described kind of prosecution service shall be upon the prosecutor or his counsel. Not only is the language clear, practical and theoretical considerations compel the conclusion that the Legislature intended that notices of appeals from summary convictions in cases prosecuted by private persons and public officials should be served upon the prosecutor or his counsel. In larger communities many summary offenses are prosecuted, not by the district attorney, but by public officials concerned with enforcing municipal ordinances, represented by municipal solicitors. The serving of appeal notices upon the district attorney in such cases would be inefficient, if not ineffective. Further, prosecutions under municipal ordinances have been considered and treated in the law as being essentially different from criminal prosecutions conducted by the district attorney. *See Philadelphia v. Home Agency, Inc. and Tower Real Estate*, 4 Pa. Commonwealth Ct. 174,

285 A. 2d 196 (1971) ; *cf. Philadelphia v. Rohm & Haas Co., Inc.,* 5 Pa. Commonwealth Ct. 73, 290 A. 2d 428 (1972).

Affirmed.