## Commonwealth v. Verderame

*Thomas J. Profy, Jr.,* for Langhorne Borough.
*Peter J. Verderame,* for defendants.

RUFE, *J.,* June 6, 1975—Defendants were summarily convicted of a violation of the Langhorne Manor Borough ordinance requiring fences around swimming pools and failing to obtain a permit for the maintenance of their pool. Defendants have appealed the district justice's ruling and after a full de novo hearing we enter the following

## FINDINGS OF FACT[1]

1. The ordinance of the Borough of Langhorne Manor entitled "Ordinance to Provide for the Regulation of Swimming and Wading Pools in the Borough of Langhorne Manor, Bucks County, Pennsylvania" providing for penalties and the matter of enforcement, dated June 24, 1971, was in full force and effect as of April 1, 1974.

2. Premises situate at 705 Bellevue Avenue, Borough of Langhorne Manor, Bucks County, Pa., are owned by Peter J. Verderame and Carmella Verderame, his wife, and were so owned on April 1, 1974.

---

1. It should be noted that findings of fact numbers 1 through 5 were submitted as proposed findings of fact by counsel for Langhorne Manor Borough and were accepted as submitted; findings of fact numbers 6 through 17 were submitted as proposed findings of fact by counsel for defendants and were accepted as submitted; only four of defendants' proposed findings of fact were rejected, and those because they were argumentative, conclusionary or not relevant.

3. Peter J. Verderame and Carmella Verderame on April 1, 1974, maintained on the premises situate at 705 Bellevue Avenue, Langhorne Manor Borough, Bucks County, Pa., a below ground-in-ground swimming pool.

4. Peter J. Verderame and Carmella Verderame obtained no permit on or before April 1, 1974, for the below ground-in-ground swimming pool maintained on the premises situate at 705 Bellevue Avenue, Langhorne Manor Borough, Bucks County, Pa.

5. Below ground-in-ground swimming pool maintained on the premises of Peter J. Verderame and Carmella Verderame on April 1, 1974, was not enclosed by a protective fence of any kind as required by section 6E of the swimming pool ordinance.

6. Appellants' pool is located on a 4½-acre parcel of land in Langhorne Manor Borough.

7. The property fronts on three public streets, and the pool is located the following distances and elevations above these public streets:

(a) From Fairview Avenue, 170 feet in distance, 15.5 feet higher than the street;

(b) From Bellevue Avenue, a distance of 255 feet and variously in elevation from 14.7 feet above the lowest point at the corner of Fairview Avenue and Bellevue Avenue, the elevation of the public street is higher than the pool; however, this part of the street is substantially below the level of the adjoining land of appellant so that a view of the premises is completely obscured at this point;

(c) From Pine Street, a distance of 230 feet and in elevation from 21.5 feet above the corner of Pine Street and Fairview Avenue to 10.5 feet at, or

abreast of, the pool, to a level of the pool at the northern end of the property on Pine Street.

8. The pool cannot be seen from any point on any of the public streets which bound the property.

9. Approaching the pool from the south, from Fairview Avenue, there is a closely planted hedge line of plantings four feet or more in height, which are planted at the top of a sharp rise of about five feet at the pool.

10. The hedge line aforementioned continues along the southwest side of the pool to a sidewalk leading to the residence.

11. The entire eastern side of the pool is obscured by dense and impenetrable trees, bushes and undergrowth which extend from Pine Street to the side of the pool.

12. There is a hedge line along the northern side of the pool and another hedge line parallel thereto on the northern boundary line of the property.

13. The pool is not secured from entrance thereto by any gates through openings in the hedgeline, nor is it secure from entrance by any person who may approach the pool from the residence which is on the northwesterly side of the pool.

14. The pool is 50 feet by 25 feet, is an in-the-ground pool, that has been on the premises since on or before May 1959 and prior to the enactment of the ordinance in question.

15. On the easterly side of Pine Street beginning at the south side of Fairview Avenue is the site of a property upon which there is a lake (known as St. Mary's Manor Lake) which covers an area of about two acres measuring about 300 feet by 340 feet across the center. It is easily visible from Pine Street and does not have any fencing or barriers.

16. On the west side of the borough, on a property beginning on the south side of Fairview Avenue, and on the west side of Hulmeville Road, there is a water reservoir known as "Bucky's Pond," which measures 480 feet by 500 feet across the center of the pond, and is of sufficient depth to permit swimming and has been used for swimming purposes for many years. The pond is clearly visible from Hulmeville Road, a public street, and it has no barriers around it to prevent infant trespassers from being attracted onto the premises and to the condition which exists.

17. The maintenance of appellants' pool does not constitute a nuisance.

18. The Borough of Langhorne Manor at the court hearing amended their charges against defendants so that defendants were charged with violating sections 2 and 6E of said ordinance rather than sections 2 and 6D, as originally set forth in the complaint before the district justice.

19. Defendants have refused to apply for the permit required under section 2 of the ordinance, and have failed to erect a fence as required under section 6E of the ordinance and, therefore, are in violation of both sections of that ordinance.

## TESTIMONY AND DISCUSSION

Defendants do not deny that they have violated the charged sections of the Langhorne Manor Borough Swimming Pool Ordinance. Rather, they contend that the ordinance is unconstitutional because: (a) it constitutes class legislation, requiring swimming pool owners to erect fences, while natural pool, pond or lake owners, who may have more dangerous bodies of water, are not required to erect such protective fences; (b) the regulation is an

unconstitutional taking of defendants' property in that it requires a large financial expenditure and will result in the aesthetic diminution of their property and, hence, a reduction of property value, all unrelated to the health, safety, morals or welfare of the borough in light of the pool's specific location and setting; and (c) section 2 of the ordinance is vague in that it gives detailed instructions for issuing a permit for a newly constructed pool, but no permit-issuing instructions for a pool, such as defendants, which antedated the regulatory ordinance.

The court regards the first and third contentions of defendants as being without merit. In regard to the classification of swimming pools to exclude natural ponds, pools or lakes, we conclude that separate classification is indeed proper, notwithstanding the fact that the natural bodies of water may be more dangerous and proper precautions might call for those waters to be equally protected with fences. Counsel has referred us to the Public Bathing Law of June 23, 1931, P.L. 899, 35 P.S. §672, et seq., which in its definitions section (35 P.S. §673) and classification section (35 P.S. §674) establishes precedent for the separate classification of natural bodies of water and swimming pools.

In regard to the claim that the ordinance is ambiguous as to the permit-issuing section thereof, relating to instructions for new pool construction and the lack of instructions for issuing permits for existing pools, we find that there is ample information in the ordinance as to what is required to obtain a pool maintenance permit and any pool owner can determine from the ordinance such requirements readily.

Defendants' second contention has more merit. We can visualize situations where a pool-fence requirement might be unreasonable and arbitrary, i.e., where the pool is located on the center of the owner's property five miles in all directions from all surrounding property owners. However, we are not prepared to hold that the instant case presents such circumstances.

As noted in the findings of fact, the pool is 170 feet, 255 feet and 230 feet, respectively, from the surrounding streets, and is not visible from any of those streets. In addition, the pool is located on defendants' four and one-half acre site and the plantings around the pool and on the property in general present some barriers to access to the pool from outside the property. On the other hand, these circumstances do not present insurmountable barriers, and, indeed, the distances cited are easily negotiated by even the smallest toddlers. The very seclusion of the pool presents both its greatest attraction and greatest danger, for the infant trespasser, delighting in the glory of his wonderful discovery, might not be found until long after it is too late.

Consequently, we do not find the regulation to be arbitrary, unreasonable and confiscatory as to defendants.

## CONCLUSIONS OF LAW

1. Ordinance of the Borough of Langhorne Manor entitled "Ordinance to Provide for the Regulation of Swimming and Wading Pools in the Borough of Langhorne Manor, Bucks County, Pennsylvania, etc.," dated June 24, 1971, is a necessary and reasonable exercise of the powers of the borough for the regulation and protection of the health and safety of the borough and its residents

and is authorized by the Borough Code of February 1, 1966, P.L. 581, sec. 1202, 53 P.S. §46202(6).

2. Ordinance of the Borough of Langhorne Manor entitled "Ordinance to Provide for the Regulation of Swimming and Wading Pools in the Borough of Langhorne Manor, Bucks County, Pennsylvania, etc.," creates or establishes no unreasonable legislative classifications and is a reasonable exercise of the corporate powers of the borough.

3. Peter J. Verderame and Carmella Verderame were, on April 1, 1974, in violation of sections 2 and 6E of the Ordinance of the Borough of Langhorne Manor providing for the regulation of swimming and wading pools in the Borough of Langhorne Manor, Bucks County, Pa., dated June 24, 1971.

4. Violation of the ordinance herein referred to by Peter J. Verderame and Carmella Verderame has continued and persisted through the dates of the hearings in the within proceeding.

5. Enforcement of the ordinance in question is a civil proceeding, having been prosecuted by the Borough of Langhorne Manor solicitor for the purpose of securing compliance with the requirements of the ordinance.[2]

## ORDER

And now, June 6, 1975, defendants' appeal from their summary conviction in the above matter is hereby denied and dismissed and the penalties imposed by the district justice are hereby reinstated.

2. Philadelphia v. Home Agency, Inc., 4 Pa. Commonwealth Ct. 174 (1971); Philadelphia v. Rohm & Haas Company, Inc., 5 Pa. Commonwealth Ct. 73 (1972); Riesberg Iron and Metal Company, Inc. v. Commonwealth, 11 Pa. Commonwealth Ct. 172 (1973); Easton v. Marra, 230 Pa. Superior Ct. 352 (1974).