## Commonwealth v. Webster

*Michael J. Wherry,* for defendant.
*Herman M. Rodgers,* contra.

ACKER, *J.,* December 24, 1975—Defendant, through a motion to strike an appeal, has moved to quash an appeal by the Grove City Borough of an alleged violation of a parking ordinance. By the ordinance, the borough denied parking between the hours of 2 a.m. and 5 a.m. in the entire borough on all public streets throughout the year. The matter came for hearing. Neither party introduced evidence, with the exception of the memorandum from the district magistrate which included findings of fact, an opinion and a dismissal of the charges. It is defendant's contention that the Commonwealth[1] does not have the right to appeal.

_____

1. The caption of the action by the notice of appeal is "Grove City Borough—Commonwealth v. John Webster." Appellant is listed as "Grove City Borough." Suits for penalty for

We agree and grant the motion to quash. The matter, however, is not easily resolved.

The Constitution of 1874 through article V, section 14, provided that in all cases of summary conviction either party may appeal to a court of record as may be prescribed by law upon allowance of the appellate court or judge upon cause shown.

This was replaced by article V, section 9, which provides: "There shall be a right of appeal in all cases to a court of record from a court not of record."

The Constitution was implemented by the enactment of the Minor Judiciary Court Appeals Act,[2] of which sections 3003 and 3004 deal with appeals in summary proceedings while section 3005 deals with appeals in civil proceedings. Sections relating to civil proceedings which are inconsistent therewith are suspended by Pennsylvania Rules Governing Standards of Conduct of Justices of the Peace, Rule 1081(27). In such event, the rules relating to justices of the peace, 1002-1008, are applicable.

The appeal in this case was to the prothonotary of this court as if the matter were a civil judgment.[3]

---

violation of ordinances should be brought in the name of the borough: Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102, 125 A. 2d 466 (1956); Commonwealth v. Campbell, 53 Luz. 30 (1962); Commonwealth v. Collum, 32 Lehigh 14 (1966). However, if the matter is a civil action, it is amendable: Commonwealth v. Boyer, 12 Lebanon 97 (1967); Plains Township v. Krasner, 64 Luz. 1 (1973).

2. Act of December 2, 1968, P.L. 1137 (No. 355), secs. 1, et seq., 42 PS §§3001, et seq.

3. This is taken from the notice of appeal as filed with this court where reference is made specifically to Justice of the Peace Rule 1001(6) defining a claimant and the requirement to file a complaint within 20 days after notice of appeal. The latter is provided by Rule 1002.

The general rule appears that an action before a magistrate or justice of the peace against an individual for violation of a municipal ordinance is a civil action.[4]

It would appear that a matter is to be regarded as civil if it is the enforcement of an ordinance, even though the definition in the Minor Judiciary Act of a summary offense (section 3002, supra) is one where:

". . . [i]ssuing authority exercises summary criminal jurisdiction, . . . including '. . . The Vehicle Code,' and all cases arising out of statutes, ordinances and the common law which define offenses

---

4. Easton v. Marra, 230 Pa. Superior Ct. 352, 326 A. 2d 637 (1974) (Housing Code violation which held the appeal to be governed by Civil Procedure Rules for Justices of the Peace); Philadelphia v. Dortort, 205 Pa. Superior Ct. 211, 208 A. 2d 797 (1965) (use of city property without authority). Prosecutions under municipal ordinances have been considered and treated in the law as being essentially different from prosecutions conducted by a district attorney: Riesberg Iron and Metal Company v. Commonwealth, 11 Pa. Commonwealth Ct. 172, 312 A. 2d 855 (1973); Philadelphia v. Home Agency, Inc., 4 Pa. Commonwealth Ct. 174, 285 A. 2d 196 (1971), where the problem is vividly depicted, page 196: "So many practitioners have been broken on the anvil of the principle settled by the cases cited, that we feel strongly that it should not be put into question again in this case." The principle case cited was York v. Baynes, 188 Pa. Superior Ct. 581, 149 A. 2d 681 (1959), where Woodside, J., wrote at page 682, ". . . a proceeding brought in the name of a municipality for the recovery of a penalty due the municipality, although begun by a warrant, is nevertheless, a civil proceeding.": Harrisburg v. Schaflander, 69 D. & C. 141 (1949); Commonwealth v. Morand, 4 D. & C. 2d 390 (1955); Commonwealth v. Clark (No. 2), 14 Lanc. 42 (1896); Commonwealth v. Weachter, 22 Montg. 198 (1906); City of Chester v. Bershad, 44 Del. Co. 97 (1957); Commonwealth v. Hindin, 88 D. & C. 292 (1944); Commonwealth v. Kinsey, 59 D. & C. 576 (1947).

and provide for a fine or imprisonment, or both, or a civil penalty."

As to civil offenses, this section is suspended as previously noted herein.

The solution to this knotty problem turns upon whether the matter is regarded as a violation of The Vehicle Code and an enforcement thereof even though proscribed as a violation by ordinance.[5]

If the appeal is under The Vehicle Code, it must be under the terms of the Minor Judiciary Appeals Act, supra, for which no provision is made for the Commonwealth or a municipality as prosecutor to appeal: Commonwealth v. Georgiana, 68 D. & C. 2d 307 (1974).

The Vehicle Code of April 29, 1959, P.L. 58, sec. 1103, as amended, 75 PS §1103, provides that local authorities have no power or authority to enact any ordinance, rule or regulation contrary to this act except that such a municipality may regulate or prohibit parking: Wm. Laubach & Sons v. Easton, 347 Pa. 542, 32 A. 2d 881 (1943). It may also permit some deviations from generalized prohibitions as to parking such as exceptions of a lunch wagon from restrictions on overtime parking: Mellinger v. Kuhn, 388 Pa. 83, 130 A. 2d 154 (1957).

The restriction on parking must, however, be where official signs have been erected prohibiting standing and parking: Act of April 29, 1959, P.L. 58, sec. 1021, as amended, 75 PS §1021(11). Further, by the same statute, any person violating any of the provisions shall ". . . upon summary conviction before a magistrate, be sentenced to pay a fine of not less than two dollars ($2.00) nor more than ten dollars ($10.00) and costs of prosecution,

---

5. Article V, sec. 9, states as to the right to appeal that ". . . the selection of such court to be as provided by law."

and, in default of payment thereof, shall undergo imprisonment for not more than five (5) days."

Because of the early stage of attack upon the ordinance, there is no evidence whether signs were properly posted as required by statute. In that it is assumed that a governmental authority does all things necessary and proper for the enforcement of its ordinance, it is assumed that signs were, in fact, properly posted. Therefore, the ordinance could only be for the purpose of designating that all streets in the borough were to be denied to parkers between the designated hours of 2 a.m. to 5 a.m. A violation of the ordinance is under The Vehicle Code with the penalties set forth therein: Commonwealth v. Angello, 67 D. & C. 550 (1948).

Although it was recognized as stated by Lord Ellenborough in the early case of Rex v. Cross, 3 Camp. 224, 227, in Commonwealth v. Angello, supra, "No one can make a stableyard of the King's highway" nor as paraphrased in that case, "No one may make a public garage of a public highway," it must be done by proper posting and under the provisions of The Vehicle Code. It is, therefore, a summary offense for which no provision has been made by statute for appeal of an acquittal under The Vehicle Code. We are of the opinion that the provisions of article V, section 9, of the Pennsylvania Constitution are not self-executing.[6] Therefore, the Grove City Borough does not have a right to appeal.

## ORDER

And now, December 24, 1975, the rule to quash the Commonwealth, Borough of Grove City's appeal is made absolute. The appeal is quashed.

---

6. Commonwealth v. Georgiana, supra.