York *v.* Baynes, Appellant.

Argued September 8, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Judson E. Ruch,* with him *Luria, Still & Ruch,* for appellant.

*John W. Heller, III,* for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

This is an appeal from an order of the Court of Quarter Sessions of York County quashing an appeal taken to it from a judgment of an alderman of the City of York. The alderman found the defendant guilty of violating a city ordinance and "imposed a penalty of $300 fine and in default of the payment thereof to be committed to jail for 90 days."

The defendant took her appeal to the Court of Quarter Sessions. Upon motion of the city, that court

quashed the appeal on the ground that it should have been taken to the Court of Common Pleas. The defendant appealed.

"The sole question presented," as accurately stated by the court below, "is whether the suit instituted in the name of the city for the violation of one of its ordinances is a suit for a penalty and thus civil in nature, or is a summary conviction, a criminal proceeding, from which an appeal would lie to the Quarter Sessions Court."

The appellant contends that The Third Class City Code, particularly section 1017 of the Act of June 28, 1951, P. L. 662, 699, 53 PS §36017 provides for a dual procedure to be used by third class cities in enforcing ordinances, and that the city used the criminal procedure as a result of which her appeal is to the Court of Quarter Sessions and not to the Court of Common Pleas.

This has been a troublesome problem to the legal profession for many years. In *Pleasant Hills Borough v. Carroll,* 182 Pa. Superior Ct. 102, 108, 125 A. 2d 466 (1956) we had occasion to quote an observation by the late President Judge HARGEST of the Dauphin County Courts that, "There are few subjects of procedural law upon which so much learning has been expended (and perhaps wasted, considering the amounts involved and the results obtained) as that distinguishing a summary conviction from a suit for a penalty and determining the proceedings in each." *Steelton v. Rashinsky,* 33 Dauphin 227, 230 (1930).

We might add here another observation he made in the same case: "The distinctions between the suits for penalties and summary convictions have been well defined and ought to be well known, but confusion between these two proceedings has arisen because both courts and legislatures, at times, have not adhered to

those well defined distinctions. Summary convictions are in their nature criminal prosecutions, generally for the violation of a statute, imposing both a fine and imprisonment, and should be in the name of the Commonwealth. On the other hand, a proceeding for the violation of a municipal ordinance has almost uniformly been held to be a civil proceeding and should be brought in the name of the borough. These distinctions and the reasons for them are learnedly discussed in the cases of Commonwealth v. Betts, supra [76 Pa. 465]; Milton Borough v. Hoagland, supra [3 Pa. C.C. 283]; City v. Duncan, supra [4 Phila. 145], and many others."

As noted by the court below in this case, the *Rashinsky* case is one of the outstanding and most quoted cases on this question. It, and many other well-reasoned lower court opinions, have held that a proceeding brought in the name of a municipality for the recovery of a penalty due the municipality, although begun by a warrant, is nevertheless, a civil proceeding. *Harrisburg v. Schaflander,* 69 D. & C. 141 (Dauphin 1949); *Commonwealth v. Morand,* 67 Dauph. 344 (1955); *Commonwealth v. Clark (No. 2),* 14 Lanc. L. R. 42 (1896); *Commonwealth v. Weachter,* 22 Montg. L. R. 198 (1906); *City of Chester v. Bershad,* 44 Del. Co. 97 (1957); *Commonwealth v. Hindin,* 88 D. & C. 292 (Phila. 1944); *Com. ex rel. v. Kinsey,* 59 D. & C. 576 (Allegheny 1947). See also *Pleasant Hills Borough v. Carroll,* supra, 182 Pa. Superior Ct. 102, 108, 125 A. 2d 466 (1956); *Borough of Mahanoy City v. Wadlinger,* 142 Pa. 308, 21 A. 823 (1891); *Commonwealth v. Atlantic Refining Co.,* 67 Pa. Superior Ct. 551 (1917); *Sweitzer v. Emert,* 55 Pa. Superior Ct. 176 (1913); *Commonwealth v. Meckes,* 144 Pa. Superior Ct. 381, 19 A. 2d 555 (1941).

It can be argued, as contended by the appellant, that the legislature has indicated its intent to author-

ize dual procedures, and there are court decisions holding contrary to those cited above. It is true, as Judge HARGEST said, neither the legislature nor the courts have always adhered to the clearly defined distinction between a summary proceedings and a suit for a penalty.

Lower courts have considered the above provision of The Third Class City Code, and other statutes containing similar language, and most of them have concluded, as did the court below, that the legislature did not intend by these provisions to sweep aside the distinction between the two proceedings imbedded in the law after a century of careful consideration.

The question is a procedural one and involves no great principle of law, but it is important that it be settled. We shall, therefore, as far as is within our power to do so, put the problem to rest.

It is our opinion, that an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding. It is not a summary proceeding, which is a criminal proceeding, even though it may be started by a warrant. A judgment entered against a defendant for the violation of a municipal ordinance is for a penalty, even though it may be referred to by the legislature and the magistrate as a "fine". Appeals from judgments entered by magistrates to recover penalties for violation of municipal ordinances must be taken to the Court of Common Pleas. The Courts of Quarter Sessions have no jurisdiction over such appeals.

Judge ANDERSON, speaking for the court below, was correct in stating "that the proceedings before the magistrate resulting in the fine imposed on the defendant were not criminal in nature, but constituted rather a civil suit for the collection of a penalty."

Order affirmed.