Philadelphia *v.* Home Agency, Inc. and Tower Real Estate.

Argued April 13, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*John B. Day,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* First Deputy City Solicitor, *Francis J. Morgan,* Assistant City Solicitor, *Thomas A. Matthews,* Assistant City Solicitor, and *Levy Anderson,* City Solicitor, for appellant.

*Stephen A. Sheller,* with him *Astor & Weiss,* for appellees.

OPINION BY JUDGE ROGERS, December 23, 1971:

Here the City of Philadelphia represented by the City Solicitor caused to be filed in the Municipal Court of Philadelphia pleadings called Code Enforcement Complaints, charging the appellees, business entities, with violations of the Philadelphia Fair Practices Ordinance. A judge of the Municipal Court sustained demurrers and remanded the Complaints to the Commission on Human Relations for a public hearing. The City, believing these rulings to be erroneous, appealed to the court of common pleas 27 days after they were made. The common pleas court on motion of the appellees dismissed the appeals on the sole ground that they were not timely filed in compliance with Municipal Court Rule 6005(c) which provides: "The *Commonwealth's* appeal shall be taken not less than 15 days

from the date of the decision on the pretrial application." (Emphasis supplied.) Rule 6005(c) is one of a number of rules appearing under the general heading of Rules of Criminal Procedure for the Municipal Court of Philadelphia. Municipal Court Rule 29(a), on the other hand, provides as follows: "(a) An appeal from a final judgment or order of the Municipal Court shall be taken within thirty (30) days to the Trial Division of the Court of Common Pleas. . . ."

We have concluded that the lower court's holding that the appeal period was governed by criminal rule 6005(c) rather than general rule 29(a) is contrary to settled law and to rule 6005(c) itself.

It has been consistently held by the appellate courts of this State that prosecutions under municipal ordinances are civil, not criminal actions. We agree with the statement of the distinguished Solicitors of the City that:

"The courts have repeatedly held that despite the erroneous captioning of a case in the name of the Commonwealth,[1] despite calling the penalty a fine,[2] despite designating the offense a misdemeanor,[3] despite commencing the prosecution with a warrant,[4] despite the use of other criminally-oriented words,[5] the prosecution for violation of a municipal ordinance is a civil case. . . ."

We might add the words of Mr. Justice COHEN in *Waynesburg Borough v. Van Scyoc*, 419 Pa. 104, 105, 213 A. 2d 216, 217 (1965) that "It is now the settled law of this Commonwealth that an action for violation of a municipal ordinance is civil in nature and that an

---

"[1] Commonwealth v. Ashenfelder, 413 Pa. 517 (1964).

"[2] Commonwealth v. Ashenfelder, York v. Baynes, 188 Pa. Superior Ct. 591 (1959).

"[3] Steelton v. Rashinsky, 33 Dauphin 227 (1930) referred to in York v. Baynes, supra.

"[4] Commonwealth v. Ashenfelder, supra.

"[5] Commonwealth v. Hanzlik, 191 Pa. Superior Ct. 460 (1960)."

appeal from a determination of guilt and a judgment imposing a penalty thereunder will be only to the Court of Common Pleas."

The appellee contends that a distinction lies in the fact that the Philadelphia Ordinance provides for fine or imprisonment or both whereas the ordinances in the cases cited provided for imprisonment only in default of payment of the penalty. Our reading of the cases convinces us that the operative feature is the nature of the action not what a close reading of the Ordinance might reveal as a possibility of result. It is, further, a distinction which would be lost on the hundreds of persons who have spent time in county prisons in default of penalties for violation of local ordinances.

So many practitioners have been broken on the anvil of the principle settled by the cases cited,[1] that we feel strongly that it should not be put into question again in this case.

These actions were brought by the City acting through the City Solictors not by the Commonwealth represented by the District Attorney. Rule 6005(c) of the Municipal Court refers to the Commonwealth's appeal. We find it difficult to believe that the Municipal Court, if it intended that the City enforcing an ordinance should be subject to rule 6005(c), would have been so imprecise as to denominate it the Commonwealth.

Order reversed.

---

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

Today the majority holds that an action brought to enforce the provisions of the Philadelphia Code dealing

---

[1] In *York v. Baynes*, 188 Pa. Super. 581, 585, 149 A. 2d 681 (1959), Judge WOODSIDE, with typical responsibleness, wrote "The question is a procedural one and involves no great principle of law, but it is important that it be settled. We shall, therefore, as far as is within our power to do so, put the problem to rest."

with Fair Practices, §9-1101 et seq., is a civil proceeding and that any decision of the Municipal Court regarding violations thereof must be appealed within thirty days. I do not disagree with the *result* reached today but I disagree with the position that all actions under this ordinance are *civil* in nature and therefore must be brought by the Law Department of the City of Philadelphia. Clearly, this ordinance calls for *both civil and criminal* sanctions.[1] My brothers in both the majority and minority have locked horns in attempting to decide whether the actions under the ordinance are *primarily criminal* and thus prosecutions must proceed under the auspices of the District Attorney or whether they are *primarily civil* and thus prosecuted by the City Solicitor. Oddly enough, the reason for the divergence of position in this Court is that *both positions are correct* —this ordinance can be enforced by either the District Attorney in a criminal action or the Solicitor in a civil action.

The duties of the District Attorney as provided in The County Code, Act of August 9, 1955, P. L. 323, Section 1402, 16 P.S. §1402, are as follows: "(a) . . . sign all bills of indictment and conduct in court *all* criminal . . . prosecutions. . . ." (Emphasis added.) This section clearly mandates that criminal prosecution responsibilities be exercised only by the District Attorney. In *Commonwealth ex rel. Specter v. Bauer*, 437 Pa. 37, 43, 261 A. 2d 573 (1970), it is said, "The District Attorney of Philadelphia County, no less than the district attorneys in any other county of this Commonwealth is

---

[1] Section 9-1109 of the Philadelphia Code which provides penalties for violations of the ordinance herein involved reads as follows: "Any person who shall violate any order of the Commission or the provision of this Chapter shall be subject to a fine of not more than three hundred dollars ($300) or imprisonment for a period not exceeding ninety days or both in addition to such order or decree that may issue by any court."

the sole public official charged with the legal responsibility of conducting in court, *all* criminal and other prosecutions in the name of the Commonwealth." (Emphasis added.)

In Chapter 4, Section 4-400 of the Philadelphia Home Rule Charter, the functions of the Law Department of the City of Philadelphia are delineated. In commenting on the purposes of the Law Department, the official annotations to this section explain that: "1. The Law Department is to be the legal advisor of the Mayor, the Council and all the agencies of the city government. Its work will be primarily concerned with civil rather than criminal aspects of law enforcement. . . . 2. To the extent that the Mayor approves, the Law Department is empowered to investigate violations within the city of State laws or City ordinances and to take reasonably necessary steps to bring about the enforcement of such statutes or ordinances. This section is not intended to transfer to the Law Department the traditional prosecuting powers of the office of the District Attorney. . . ."

The delegation of powers and duties to the District Attorney, considered in conjunction with the limitations on the Law Department's powers set out in the annotations, clearly demonstrates that the exercise by the Law Department of criminal prosecution responsibilities is improper. To correct this impropriety, civil and criminal proceedings under the ordinance must be brought separately. If the Philadelphia Human Relations Commission, in a proceeding for enforcement of its order, seeks a criminal penalty in the form of imprisonment, the proceedings must be instituted by the District Attorney. In this situation, the timeliness of the appeal would be judged according to the fifteen-day standard applicable to criminal proceedings. If, on the other hand, it is purely a civil proceeding seeking either fines or affirmative compliance with a Commission

order as provided for in Section 9-1107(7) of the Philadelphia Code, then the Law Department would institute the action, and the thirty-day period applying to civil appeals would govern the question of timeliness.

The Supreme Court of Pennsylvania has recognized this problem of bringing separate actions under this ordinance for criminal and civil proceedings in *City of Philadelphia v. Price,* 419 Pa. 564, 573, 215 A. 2d 661 (1966), but it specifically stated that the issue was not then before the court. Moreover, the state legislature, in establishing the *Pennsylvania* Human Relations Commission, met the problem of having different counsel for civil and criminal actions by authorizing the Attorney General to institute either civil or criminal proceedings; whereas under the *Philadelphia* ordinance, if civil relief is sought, enforcement is entrusted to the Law Department. See, Act of October 27, 1955, P. L. 744, Section 10, as amended, 43 P.S. §960.

*I would hold that separate criminal and civil proceedings are required.* This action having been brought by the Law Department, it must be civil in nature. Therefore, the thirty-day appeal period must apply.

Judge KRAMER joins in this Opinion.

---

DISSENTING OPINION BY JUDGE MANDERINO:

I dissent. The sole question for this court's determination is whether prosecution under the ordinance in question is a criminal or a civil proceeding. The relevant section of the Philadelphia Code under which Home Agency and Tower were prosecuted is as follows:

"§9-1109 Penalties

"(1) Any person who shall wilfully resist, prevent, impede or interfere with the Commission, its members, agents or agencies in the performance of duties pursuant to this Act, or shall violate any order of the Commission or any provision of this Chapter shall be subject to a fine of not more than three hundred dollars

($300) or imprisonment for a period not exceeding ninety days or both in addition to such order or decree that may be issued by any court."

My dissent rests on my inability to distort the meaning of words like "civil proceeding" and "criminal proceeding." A citizen who is *penalized* by society because the citizen has violated the law has been involved in a "criminal proceeding" *because* a criminal proceeding is a criminal proceeding is a criminal proceeding is a criminal proceeding. Some men would rather lose their purse than lose their liberty. Others, perhaps because of the leanness of their purse, would prefer jail to a fine. Any penalty imposed by society upon the citizen results from a criminal proceeding, if we are to have any confidence in the meanings of the terms which we use to communicate with one another. Under the majority opinion a citizen can end up in jail for ninety days (90) as the result of a "civil proceeding." It just cannot be, no matter how many explanations are given by the jailkeeper.

I am aware that a variety of definitions can be found for "criminal proceeding" and "civil proceeding." Many of these variations, unfortunately, can be found in judicial opinions. This is no reason to perpetuate irrational results whereby two different citizens who violate the same law in the same manner are denied equal treatment because one suffers loss of liberty and the other suffers loss of property. The layman is frequently confused by what the law does. I would find it impossible to explain to one citizen why his violation was handled in a "criminal proceeding" and his neighbors in a "civil proceeding" when they both violate the same law but are penalized in different ways.

The cases cited by the majority have held that proceedings for the recovery of monies under municipal ordinances can be considered civil proceedings even though ordinance may designate the penalty as a "fine." *Com-*

*monwealth v. Ashenfelder*, 413 Pa. 517, 198 A. 2d 514 (1964); *York v. Baynes*, 188 Pa. Super. 581, 149 A. 2d 681 (1959); *Borough of Waynesburg v. Van Scyoc*, 419 Pa. 104, 213 A. 2d 216 (1965); *Commonwealth v. Hanzlik*, 191 Pa. Super. 460, 157 A. 2d 97 (1960). None of these cases give a rationale for calling a proceeding civil when a "fine" is involved rather than "imprisonment." They all conclude and state that the distinction is well-settled but saying so does not make it so without a rationale acceptable to reasonable men.

Neither have I been able to find any rationale in any case which justifies the distinction between the violation of a municipal ordinance and the violation of a state law. The citizen who is penalized by "imprisonment" or "fine" can't possibly be expected to understand why his violation is a criminal proceeding or a civil proceeding depending upon what legislative body (municipal or sovereign) established the rules to be followed. Neither can I. If law is to merit respect as the science of justice it must make better sense than can be found in such meaningless distinctions.

I note also that Section 9-1109 is not the only enforcement tool provided to the Commission. The preceding section in the Philadelphia Code, Section 9-1108, allows the Commission to proceed in a court of equity to secure enforcement or compliance with a Commission order. Both of these sections (Section 9-1108 and Section 9-1109) were discussed at length in *City of Philadelphia v. Price*, 419 Pa. 564, 215 A. 2d 661 (1966). The exact question before us was not involved in the *Price* case, but there is no question that prosecutions under Section 9-1109 were considered criminal proceedings. The *Price* case noted that the Commission could proceed to obtain enforcement of its orders in *civil proceedings* or *criminal proceedings*. The court noted in *Price* that Section 9-1109 permitted the imposition of

"fines and/or imprisonment," and referred to these as "criminal penalties."

The City's appeal in this case, having been filed after the fifteen-day period provided for criminal proceedings, was not timely. The order of the lower court granting Home Agency and Tower's motion to dismiss the appeal should be affirmed.