## Commonwealth v. Cumberledge

*Lee E. Whitmire, Jr.*, for plaintiff.
*David Gropp*, for defendant.

KLEIN, *J.*, August 21, 1975—We have before us for adjudication an appeal from a summary conviction for violation of a township zoning ordinance. A hearing de novo was held.

The pertinent section of the ordinance alleged to have been violated by defendant reads as follows:

"No land shall be used for commercial or industrial truck loading, storage or parking activities in any Residential or Permanent Preserve Districts except by amendment to this ordinance. Such activities are permitted in Commercial Districts only

when normally attendant to the conduct of the commercial activity as established, and in no other case except by amendment of this ordinance."

There is no dispute as to the facts material to our decision. Defendant's property is situate within a residential district. Defendant, at the time alleged, had parked a tractor-trailer combination vehicle in the open driveway area of his lot. It is agreed that defendant owns the vehicle, that it is "permanently" leased to a trucking firm and that defendant, in his occupation as a truck driver regularly uses the vehicle in such business involving the "two-check" arrangement for owner-operators. There is no evidence that the trailer was loaded with goods at the time of the alleged offense.

The defense is that when the vehicle is so parked at defendant's residence, the land is not being used for "commerical or industrial truck parking activities"; that the vehicle is merely being used by defendant as personal transportation in traveling "to and from work."

The defense relies primarily upon the opinion of President Judge Sawyer, of this court, in the case of Sladic v. Shaffer, an action in equity at no. 707 of 1971. The court, in the Sladic case, held that the use of one tractor-truck and keeping it on the premises of defendant was not a nuisance per se under the Monaca Zoning Ordinance nor a nuisance in fact. The court found that the tractor cab was being used solely for personal transportation to and from work while being kept on defendant's premises.

The Sladic case, and Judge Sawyer's opinion with reference thereto, is clearly distinguishable from the present case. First, the Sladic case was an action in equity to abate a nuisance and was not an

action for violation of the specific provisions of the borough ordinance. Secondly, there are no provisions in the Monaca Borough ordinance directly prohibiting the parking of commercial vehicles in a residential area. Therefore, the only real question before Judge Sawyer was whether or not, under the terms and provisions of the Monaca Borough ordinance the use of one commerical-type vehicle for the purpose of going from and to work, and which was housed in a garage (for which defendant had secured a building permit) was within the language of "Accessory uses on the same lot which are customarily incidental to any of the above permitted uses," in connection with residential use specifically allowed by the Monaca ordinance. Since the use as shown by the testimony in the Sladic case did not constitute a nuisance in fact, and was not contrary to any specific provisions of the ordinance, and was deemed a proper use as "an accessory use" within the terms and provisions of the Monaca ordinance, it was not a nuisance per se.

In addition to the legal and factual differences mentioned above, a conclusive factual distinction which makes the Sladic case holding inapposite to the instant case and compels an adjudication of guilty is that, in Sladic, the defendant always detached the trailer portion of the rig and kept the trailer at another location, driving only the tractor cab to and from his residential premises. Obviously, the trailer portion of a rig is not necessary for personal transportation and has no purpose other than for commercial or industrial use.

*Note:* The herein litigants have not raised any issue concerning the matter but we deem it our duty to point out once again that an action brought against a defendant for the violation of a municipal

ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding and not a criminal action. Such rulings have been made by all of our appellate courts. See Waynesburg Borough v. Van Scyoc, 419 Pa. 104, 213 A. 2d 216 (1965); Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102, 125 A. 2d 466 (1956); and Philadelphia v. Home Agency, Inc., 4 Pa. Commonwealth Ct. 174, 285 A. 2d 196 (1971).

That the foregoing law maintains its vitality is clearly spelled out in the most recent appellate court decision containing a comprehensive discussion of the subject: Easton v. Marra, 230 Pa. Superior Ct. 352, 326 A. 2d 637 (1974). In the Easton case, at 326 A. 2d 638, the court stated:

"At one time it was true, as appellant argues, that the proper classification of an action before a magistrate or justice of the peace against an individual for the violation of a municipal ordinance as civil or criminal was confusing and unsettled. See Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102, 125 A. 2d 466 (1956). This is, however, no longer the case. In York v. Baynes, 188 Pa. Superior Ct. 581, 149 A. 2d 681 (1959), Judge Woodside, writing for the court stated at p. 585: 'The question is a procedural one and involves no great principle of law, but it is important that it be settled. We shall, therefore, . . . put the problem to rest.' The court held in unequivocal terms that 'an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding.': 188 Pa. Superior Ct. at 585. The action is civil despite the captioning of the case in the name of the Commonwealth, [see Commonwealth v. Ashenfelder, 413 Pa. 517, 198 A. 2d 514 (1964)]; despite the fact that

the penalty imposed is termed a fine [see York v. Baynes, supra]; despite the designation of the offense as a misdemeanor, [see Steelton v. Rashinsky, 33 Dauphin 227 (1930), cited with approval in York v. Baynes, supra]; and despite the institution of an action by warrant, [see Commonwealth v. Ashenfelder, supra]. See also Commonwealth ex rel. Ransom Township v. Mascheska, 429 Pa. 168, 239 A. 2d 386 (1968); Philadelphia v. Home Agency, Inc., 4 Comm. Ct. 174, 285 A. 2d 196 (1971."

And, see also Commonwealth v. Hartman, 32 Beaver 40 (1972).

### ORDER

And now, August 21, 1975, we adjudge defendant guilty of a violation of Ordinance No. 169, section VIII, subsection 803, as complained. Defendant, Ralph L. Cumberledge, is ordered to pay the costs and is also ordered to pay a penalty of $25 which shall be remitted to the Township of Patterson.