372 A.2d 934

**LOWER MERION TOWNSHIP**

v.

**Chris SCHENK.**

**Appeal of Sister Christine SCHENK, a/k/a Chris Schenk, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1976.

Decided April 19, 1977.

496

D. Connors Kagno, Lafayette Hill, for appellant.

Albert C. Oehrle, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

On October 26, 1974, appellant and others participated in a picket-line demonstration in front of the A&P supermarket in the Wynnewood Shopping Center, Lower Merion Township. Shortly after the picketing began, an officer of the Township police issued a citation to appellant, charging her with violating Lower Merion Ordinance 1415.[1] On December 12, 1974, the District Justice found appellant guilty as charged and fined her $100.00 plus costs of $11.00.

Appellant appealed her conviction to the Court of Common Pleas of Montgomery County by filing an appeal with the Clerk of Court (Common Pleas Criminal Division). The Township moved to strike the appeal on the ground that the action was civil in nature and that the appeal should therefore have been filed with the Prothonotary (Common Pleas Civil Division). The lower court granted the Township's Motion.

The lower court was correct that under the case law an appeal from a proceeding for a violation of a municipal ordinance must be brought in conformance with the Rules of Civil Procedure. However, we find that the case law has been overruled by Pa.R.Crim.P. 67, adopted September 18, 1973, effective January 1, 1974; we therefore hold that the lower court erred in striking appellant's appeal.

---

1. This ordinance regulates the permissible noise level of air conditioners and similar mechanical equipment. The merits of the action against appellant are not presently before us.

## I

The case law is clear that "an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding." *York v. Baynes,* 188 Pa.Super. 581, 585, 149 A.2d 681, 683 (1959). This rule applies even though there may be a variety of facts implying that the action is criminal. For example, in *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514 (1964), the Supreme Court held that

> [the] fact that the Commonwealth, erroneously, in the caption is made the party prosecuting does not change the nature of this proceeding, i. e., a suit for the recovery of a penalty due to the Township for a violation of its ordinance. The rationale of *York v. Baynes,* in our view, sound, controls this situation. Even though this action were [*sic*] instituted by the issuance of a warrant—which the record before us does not disclose—and even though the penalty under the provisions of the ordinance is termed a "fine", this is fundamentally an action instituted for the violation of a township ordinance and an appeal from the judgment entered in such action should have been taken to the court of common pleas and not to the court of quarter sessions.

*Id.* 413 Pa. at 525, 198 A.2d at 517.

We would be reluctant to apply these cases to the present case because if ever there was a case in which almost *all* of the actions taken by the prosecuting Township and by the District Justice implied ("screamed" would not be too strong) that the action was criminal, this is that case.[2] The

---

2.  Only two facts could arguably be said to have alerted appellant that the action was civil: first, the action was brought in the name of the Township, not in the name of the Commonwealth, *see Steelton v. Rashinsky,* 33 Dauphin, 227, 230 (1930), cited with approval in *York v. Baynes, supra* 188 Pa.Super. at 584, 149 A.2d at 682; second, the action represented a prosecution for the violation of an ordinance, thus bringing the case under the rule of *York.* The first fact we do not find persuasive, when it is weighed against all the indications that the action was criminal; the second we do find persuasive, for reasons explained *infra.*

Township commenced the action by citation. Pa.R.Crim.P. 51(a)(2), 52, and 53(b). Citations are never used in civil proceedings. Pa.R.C.P.J.P. 303. Appellant was required to appear before the District Justice and plead "guilty or not guilty." She was also required to post "security" in an amount equal to the fine and costs specified on the citation. The citation warned appellant that "[f]ailure to respond within the time specified above will result in the issuance of a warrant for [her] arrest." Appellant was found "guilty as charged" and "fine[d]." The disposition of the case was recorded on a "Summary Criminal Docket and Transcript." In addition to these positive indications that the action was criminal, the Township and the District Justice failed to follow any of the rules governing a civil action, *viz.,* Pa.R.C. P.J.P. 303 (civil action to be commenced by filing of complaint); 305(4)(a) (a copy of complaint to be delivered for service on defendant, which copy must warn defendant that if he intends to enter a defense he should notify the District Justice immediately); 305(4)(c) (copy of complaint must warn defendant that unless he appears at hearing and presents a defense, judgment will be entered against him by default); 307 (complaint to be served in specified manner); 314 (return of service); 322 (enter judgment); 324 (prompt written notice of judgment).

None of the cases that follow the rule of *York v. Baynes, supra,* involved such a cumulation of facts; at most, each involved only two or three. Nevertheless, we finally conclude that the rule of the case law (if it had not been overruled) would govern this case because, while appellant was certainly misled by the Township's and the District Justice's treatment of her case, still her counsel should have known the rule. In a similar case the Commonwealth Court said: "So many practitioners have been broken on the anvil of the principle settled by the cases cited, that we feel strongly that it should not be put into question again in this case." *City of Philadelphia v. Home Agency, Inc.,* 4 Pa. Cmwlth. 174, 177, 285 A.2d 196, 198 (1971). It may seem Orwellian that a Township and a District Justice should be

permitted to characterize a proceeding as criminal from start to finish and then bar an appeal because appellant did not comply with the applicable Rules of Civil Procedure. That result is, however, the logical extension of the rule of *York*.

## II

This conclusion, however, does not end the case, for we find that the rule of *York* has been overruled by the Rules of Criminal Procedure. This may be seen if we track the Rules and the appropriate definitions.

Pa.R.Crim.P. 67(f) states that "[t]his rule shall provide the *exclusive* means of appealing from a summary conviction. . . ." (Emphasis supplied.) (Rule 67(b)–(e) specifies the procedure for the appeal—a procedure with which appellant complied in full.) "Summary cases" are defined as "cases in which the issuing authority exercises summary criminal jurisdiction." Rule 3(p). "Issuing authority" is defined as "any public official having the power or authority of an alderman, justice of the peace, magistrate or *district justice.*" Rule 3(i) (emphasis supplied). *"Criminal proceedings* include all actions for the enforcement of the Penal Laws." Rule 3(f). *"Penal Laws* include all statutes and embodiments of the common law which establish, create or define crimes or offenses *including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty.*" Rule 3(k) (emphasis supplied).

We note that the ordinance under which appellant was convicted does not expressly provide for imprisonment upon failure to pay a fine or penalty. However, by statute a defendant may be imprisoned if he defaults on the payment of a fine or penalty imposed after judgment is entered against him. Act of June 24, 1931, P.L. 1206, Art. XXXIII, § 3304; Act of May 27, 1949, P.L. 1955, § 62, 53 P.S. § 58304. This statute brings the ordinance within the definition of "penal laws" as including "any ordinances which *may* provide for imprisonment upon failure to pay a fine or penalty." Pa.R.Crim.P. 3(k) (emphasis added). In other words: If the

draftsman of the ordinance had been asked why he had not expressly provided for imprisonment, he could have replied, "I could have done so had I wished, but there is a statute making that unnecessary."

This conclusion must be correct, for the alternative is to hold that under Rule 3(k) a proceeding is "criminal" if the ordinance expressly provides for imprisonment, but "civil" if the ordinance provides only for a fine or penalty. Since a defendant may be imprisoned as readily under the second ordinance—because of the statute—as under the first, this interpretation of the Rule would be absurd. When construing statutes we are advised by the Statutory Construction Act to presume "[t]hat the Legislature does not intend a result that is absurd . . . ." Act of May 28, 1937, P.L. 1019, art. IV, § 52, 46 P.S. § 552(1). We assume that the Rules of Criminal Procedure are intended by the Supreme Court to possess a similar dignity.[3]

The only barrier to the conclusion that the Rules of Criminal Procedure have overruled *York* is our holding in *City of Easton v. Marra*, 230 Pa.Super. 352, 326 A.2d 637 (1974). There, in a unanimous opinion, we alluded to Rule 67, and yet concluded that *York* controlled. *Easton,* however, may be distinguished on one crucial fact. The appellant in *Easton* was convicted on a summary complaint on February 13, 1973, and filed his appeal in the Court of Common Pleas on March 22, 1973. Rule 67, however, was not effective until January 1, 1974, and thus was not applicable. Therefore, assuming that the definitional sections of the Rules of Criminal Procedure did not of themselves

---

**3.** The dissenting opinion suggests that the Rules of Criminal Procedure govern only criminal procedures and that therefore they cannot change the status of proceedings for violations of ordinances, since under *York* such proceedings are civil in nature. Inherent in this suggestion is the notion that the Supreme Court cannot overrule its own case law by means of its own Rules. However, no legal principle stands in the Supreme Court's way. "The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts . . . ." Pa.Const., art. 5, § 10(c).

overrule *York*,[4] the conviction was civil and thus the correct procedure with respect to it was dictated by Pa.R.C.P.J.P. 1001–1020. This distinction made, the holding of *Easton* has no relevance to appeals that arise, as does the present appeal, after the effective date of Rule 67.

The order is reversed and the case remanded to the lower court to allow appellant to proceed with her appeal under Pa.R.Crim.P. 67.

HOFFMAN, J., concurs in the result.

VAN der VOORT, J., files a dissenting opinion in which JACOBS and PRICE, JJ., join.

VAN der VOORT, Judge, dissenting:

This is an appeal from a sentence to pay a fine of $100.00 and $11.00 costs for violation of a Township Ordinance. Upon motion by the appellee, Township, answer by appellant and after a hearing the court below struck the appeal.

On Saturday, October 26, 1974, Chris Schenk, who also called herself Sister Christine Schenk, appellant herein, was picketing along with others in front of an A. & P. supermarket in the Wynnewood Shopping Center in Lower Merion Township in Montgomery County. In the process, she was using a bull horn. Officer Dudrick came upon the premises, asked her to desist, upon her refusal he issued a citation charging her with violation of an Ordinance of Merion Township, No. 1415, of which Section 4 provided as follows:

"SPORADIC NOISE: No person shall create any sporadic noise which when measured in the 600–1200 cycles per

---

4. We need not decide this point. It might be noted, however, that if the definitional sections of the Rules of Criminal Procedure were intended to overrule *York,* our holding in *Easton* would be erroneous and should be overruled. In this regard it should be explained, however, that in *Easton* the appellant took his appeal to the Civil Division of the Court of Common Pleas. Only when he discovered that he had failed to comply with Pa.R.C.P.J.P. 1004 and 1005, governing civil appeals, did he complain that he had been deceived into thinking the proceedings criminal in nature. Given the speciousness of this claim, it is perhaps not surprising that we did not consider whether the definitional sections of the Rules were intended to overrule *York.*

second frequency band exceeds a sound pressure level of · 57 decibels during daylight hours, or 52 decibels during nighttime hours."

A hearing was had upon the charge, after which hearing, she was sentenced to pay a fine of $100.00 and $11.00 costs. Except for the captioning of the action in the name of *Lower Merion Township v. Chris Schenk,* the entire proceedings before the Justice of the Peace were handled in the manner of a criminal proceeding. The appellant took an appeal to the Court of Common Pleas of Montgomery County, following the procedure prescribed by Rule 67 of the Pennsylvania Rules of Criminal Procedure governing appeals from summary judgments.

After her appeal was filed, the Township, appellee, filed a motion to strike the appeal for the reason that the appellant had failed to comply with the Pennsylvania Justices of the Peace Rules No. 1002, 1004 and 1005.[1]

As recently as 1974 in a unanimous opinion in the case of *City of Easton v. Marra,* 230 Pa.Super. 352, 326 A.2d 637 (1974) we held in unequivocal language that a suit for the recovery of a penalty for the violation of a municipal ordinance is a civil proceeding not a criminal one and that one desiring to appeal from the imposition of such a penalty must do so in accordance with Pennsylvania Justices of the Peace Rules or be subject to having the attempted appeal stricken. In pertinent part we said:

> " 'an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding,' 188 Pa.Super. at 585, 149 A.2d 681. The action is civil despite the captioning of the case in the name of the Commonwealth, [see *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514 (1964)]; despite the fact that the

1. No notice of appeal was filed with the Prothonotary of the Court of Common Pleas as required by Rule 1002. There was no praecipe to the Prothonotary to enter a Rule upon appellee to file a complaint within twenty days after service or suffer judgment of non pros as required by Rule 1004(B) and there was no proof of service of the Rule as required by Rule 1005(B).

penalty imposed is termed a fine [see *York v. Baynes, supra* ]; despite the designation of the offense as a misdemeanor, [see *Steelton v. Rashinsky,* 33 Dauphin 227 (1930), cited with approval in *York v. Baynes, supra* ]; and despite the institution of an action by warrant, [see *Commonwealth v. Ashenfelder,* supra]. See also *Commonwealth ex rel. Ransom Township v. Mascheska,* 429 Pa. 168, 239 A.2d 386 (1968); *Philadelphia v. Home Agency, Inc.,* 4 Cmwlth.Ct. 174, 285 A.2d 196 (1971)."

We further held in that case:

" . . . Since the case was a civil proceeding, appellant was bound to perfect his appeal in accordance with Pennsylvania Justices of the Peace Rules 1004 and 1005. By failing to do so appellant was subject to the sanction of Rule 1006, providing for the striking of appeals upon the praecipe of the appellee."

The Majority would hold that Pennsylvania Rule of Criminal Procedure 67 overrules *York v. Baynes,* 188 Super.Ct. 581, 149 A.2d 681 (1959) which was referred to in *Easton v. Marra.* The Pa.R.Crim.P. are, as they are specifically designated, rules which govern criminal procedures. In defining the scope of those rules and the construction to be placed on them, Rules 1 and 2 are clearly controlling. Rules 1 and 2 provide in pertinent part as follows:

"RULE 1. SCOPE OF RULES.

(a) These rules shall govern criminal proceedings in all courts including courts not of record."

"RULE 2. PURPOSE AND CONSTRUCTION.

These rules are intended to provide for the just determination of every criminal proceeding."

Pa.R.Crim.P. govern criminal proceedings. They do not govern civil proceedings. *Easton v. Marra* clearly holds that a suit for penalties for violation of a municipal ordinance is a civil proceeding not a criminal proceeding. In such a suit Pa.R.Crim.P. cannot possibly control.[2] Part of the reasoning

---

**2.** The Majority also would hold that Pa.R.Crim.P. 67 (which anyway applies to criminal not civil proceedings), although it was in effect at the time of the *Marra* decision, was not in effect at the time of

behind the *Marra* decision was to settle the contentions arising over whether the action was a civil one or a criminal one by declaring it to be civil. If the ruling is to be changed it should emanate from the Pennsylvania Supreme Court.

In the instant case, the Ordinance does not provide for imprisonment.[3] Under the holding of *Easton v. Marra,* the proceeding in the instant case to recover a penalty for violation of Ordinance No. 1415 of Lower Merion Township is a civil action.

In view of the fact that appellant attempted to appeal in accordance with the Rules of Criminal Procedure and did not perfect her appeal in accordance with the Pennsylvania Justices of the Peace Rules the court below acted properly in striking the appeal.[4]

I would affirm.

JACOBS and PRICE, JJ., join in this dissenting opinion.

*Marra's* violation; therefore Rule 67 was not applicable and *Marra* is therefore really not applicable to the instant case and that *Marra* should be overruled. I believe our law is not so unstable as to be brushed aside on such equivocal reasoning.

3. The Majority tries to bring the action in the instant case under the umbrella of the criminal rules by claiming that the Act of 1931, June 24, P.L. 1206 Art. XXXIII, § 3304; 1949, May 27, P.L. 1955, § 62; 53 P.S. § 58304 which permits imprisonment for failure to pay a penalty for violation of the ordinance of a First Class Township makes the action a criminal proceeding. The ordinance does not in fact provide for imprisonment and furthermore such an interpretation would be directly contrary to the ruling in *Easton v. Marra.*

4. Appellant has filed no application to reinstate the appeal.