## Muhlenberg Township v. Sammak

*Eugene C. LaManna,* for Muhlenberg Township.
*Sandra L. Guydon, Special Assistant Attorney General,* for defendant.

SAYLOR, *J.,* February 26, 1981—This matter comes before us on an appeal by Douglas M. Sammak from a summary conviction. Mr. Sammak, an employe of the Commonwealth of Pennsylvania, Department of Transportation, was cited by Muhlenberg Township for failure "to take necessary action to effect the cutting of weeds and grass as directed," pursuant to Ordinance no. 87 of the Health Code of Muhlenberg Township. Counsel for the parties involved in this dispute chose to stipu-

late facts and enter exhibits into the record rather than present testimony before this court.

Ordinance no. 87, Art. V, entitled "Weed Control," provides in pertinent part as follows:

"Section 1. No person, firm or corporation, owning or occupying any property within the Township of Muhlenberg, shall permit any grass or weeds or any vegetation whatsoever, not edible or planted for some useful or ornamental purpose, to grow or remain upon such premises so as to exceed a height of twelve (12) inches or to throw off any unpleasant or noxious odor or to conceal any filthy deposit or to create or produce pollen. Any grass, weeds or other vegetation growing upon any premises in the Township in violation of any of the provisions of this section is hereby declared to be a nuisance and detrimental to the health, safety, cleanliness and comfort of the inhabitants of the Township. . . .

"Section 2. The owner of any premises, as to vacant premises or premises occupied by the owner, and the occupant thereof, in case of premises occupied by other than the owner thereof, shall remove, trim or cut all grass, weeds, or other vegetation growing or remaining upon such premises in violation of the provisions of the first section of this ordinance.

"Section 3. The Township Secretary, or any other officer or employee of the Township designated thereby for the purpose, is hereby authorized to give notice, by personal service or by United States mail, to the owner or occupant, as the case may be, of any premises whereon grass, weeds or other vegetation is growing or remaining in violation of the provisions of the first section of this ordinance, directing and requiring such owner or occupant to remove, trim or cut such grass, weeds, or vegeta-

tion, so as to conform to the requirements of this ordinance, within five (5) days after issuance of such notice. In case any person, firm or corporation shall neglect, fail or refuse to comply with such notice, within the period of time stated therein, the Township Commissioners may remove, trim or cut such grass, weeds or vegetation. There is hereby imposed a charge of Ten Dollars plus the actual cost of the labor involved for each time the Township Health Officer shall cause such grass, weeds, or vegetation to be removed, trimmed or cut; and the owner or occupant as the case may be of the premises shall be billed after same has been completed.

"Section 4. Any person, firm or corporation who or which shall violate or fail, neglect or refuse to comply with any of the provisions of this ordinance shall, upon conviction thereof in a summary proceeding before a Justice of the Peace in the Township, be sentenced to pay a fine of not less than Ten Dollars ($10.00) and not more than One Hundred Dollars ($100.00) for each offense and costs of prosecution, and in default of payment of said fine and costs, shall be imprisoned in the Berks County Prison for a period not exceeding ten (10) days. For the purpose of this ordinance each day's violation of the provisions hereof shall constitute a separate offense and notice to the offender shall not be necessary in order to constitute an offense."

On August 20, 1980 Mr. Sammak, Pennsylvania Department of Transportation's County Maintenance Manager for the area serving state designated highways within Muhlenberg Township, was notified by the Health Officer of Muhlenberg Township of nine weed violations occurring within the township. On September 3, 1980 Mr. Sammak was served with a citation for failure to comply with the

weed violation notice with respect to weeds and vegetation abutting Legislative Route 1035. The parties stipulated that on September 3, 1980 weeds and vegetation abutting Legislative Route 1035 in Muhlenberg Township were in excess of the height permissible under Ordinance no. 87 and that at the time of the violation, defendant was an employe of the Commonwealth of Pennsylvania, Department of Transportation, and was responsible for cutting vegetation along Legislative Route 1035. Muhlenberg Township is a first class township.

We begin by emphasizing that this matter is in the nature of a criminal proceeding, the significance of which may have escaped the parties' observation. Ordinance no. 87 expressly provides for imprisonment upon failure to pay the fine and costs. Pa.R.Crim.P. 3(l) defines "penal laws" to include "all statutes and embodiments of the common law which establish, create or define crimes or offenses including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." An ordinance is a legislative enactment of a political subdivision and a township is included within the types of governmental entities constituting political subdivisions: Pa.R.Crim.P. 3(k) and (m). The means of appealing from a summary conviction are controlled exclusively by Pa.R.Crim.P. 67. See Lower Merion Township v. Schenk, 247 Pa. Superior Ct. 494, 372 A. 2d 934 (1977). Further, Rule 67 specifically encompasses appeals from convictions in summary proceedings for violations of municipal ordinances that provide for imprisonment upon failure to pay a fine. See Pa.R.Crim.P. 67(a).

Contrary to the assertions of Muhlenberg Township, this action is not akin to the situation where a

political subdivision attempts, in a civil action, to enforce its zoning laws against the Commonwealth. The township instituted criminal proceedings against an agent of the Commonwealth acting pursuant to his official duties for failure of a Commonwealth agency to obey the township's Health Code. The weighing of the nature and purpose of the respective legislative grants to the township and the Department of Transportation in order to determine whose statutory power[1] should prevail cannot be the test of liability in a criminal proceeding.

Upon review of the record and Ordinance no. 87, we find this prosecution to be prima facie defective. Mr. Sammak is the named violator under the citation issued by the township. Ordinance no. 87, however, applies only to a "person, firm or corporation, owning or occupying any property within the Township of Muhlenberg. . . ." Mr. Sammak obviously does not own the right of way abutting Legislative Route 1035. A person "occupies" when he takes or enters upon possession of property. See Webster's New International Dictionary Unabridged, (2d ed.). We cannot perceive, under this or any other common definition of the word, how an employe of an agency of the Commonwealth can be

---

1. The nuisances section of The First Class Township Code of June 24, 1931, P.L. 1206, sec. 1502, as amended, 53 P.S. §56526, vests the township with the legislative authority "to prohibit and remove any noxious or offensive . . . weeds . . . on public or private grounds, prejudicial to the public health or safety, or to require the removal of the same by the owner or occupier of such grounds. . . ."

Section 2002(10) of the Administrative Code of April 9, 1929, P.L. 177, sec. 2002, as amended, 71 P.S. §512(10), grants the Department of Transportation, "exclusive authority and jurisdiction over all State designated highways."

said to "occupy" the right of way abutting the state designated highway. We, therefore, rule that Mr. Sammak is not a proper defendant under an action for violation of Ordinance no. 87 of Muhlenberg Township's Health Code and we dismiss the prosecution.

It is probable that Muhlenberg Township intended to reach the Commonwealth itself as the violator of the ordinance and merely named Mr. Sammak as a fiction to achieve that end. An attempt by a municipality to impose criminal liability upon the Commonwealth raises serious questions of sovereignty and we doubt the viability of such an action. Our ruling, however, should not be interpreted to mean that Muhlenberg Township's weed control ordinance is unenforceable against the Commonwealth. The nuisances section of The First Class Township Code grants a municipality the power to prohibit noxious or offensive weeds on public or private grounds.[2] It may be that actions other than summary proceedings exist to enforce regulations enacted pursuant to the nuisances section of The First Class Township Code. We cannot and do not in this decision address ourselves to that possibility.

Accordingly, we enter the following

### ORDER

February 26, 1981, for the reasons set forth in the foregoing opinion, the court finds the defendant not guilty of a violation of Ordinance no. 87 of the Health Code of the Township of Muhlenberg and the defendant's appeal is sustained with costs upon the County of Berks. Any fine and costs heretofore paid by defendant shall be refunded.

---

2. See footnote 1, supra.