## Commonwealth v. Vigne

*Norman J. Barilla,* for plaintiff.
*Richard J. Audino,* for defendants.

CAIAZZA, *J.,* August 30, 1989 — We have before us for consideration petitioner Union Township's motion to dismiss defendants' summary appeal.

This case was presented to the court for determination through factual stipulations and the submission of legal briefs. An abridged review of those facts is necessary to an understanding of the procedural posture of this case.

Defendants, Thomas D. Vigne and Shannon E. Vigne, are the record owners of real property located at R.D. no. 2, Old Youngstown Road in Union Township, New Castle, Lawrence County, Pennsylvania 16101. The residential building or structure situated upon that property is vacant, having been destroyed by fire within recent years, and is the subject at the center of this controversy.

Union Township previously adopted Ordinance 1978-3, known as the "Union Township Dangerous Buildings Ordinance." This ordinance provides, inter alia, in section IV that the township board of supervisors may order any building or structure

found to be a "dangerous building" to be repaired, vacated or demolished. The ordinance further provides in section VII, entitled "Penalties," that:

"(A) The owner, occupant, mortgagee, lessee or any other person who shall fail to comply with any notice or order to repair, vacate or demolish any such dangerous building given by any person authorized by this ordinance, or any regulation or order issued thereunder, shall upon conviction before a district justice, be subject to a fine not exceeding $300 and costs and in default of payment of the fine and costs, shall be subject to imprisonment in the Lawrence County Jail for a period not exceeding 30 days, provided, each day's continuance of a violation shall constitute a separate offence [sic]. Penalties contained in this ordinance are in addition to any other remedies provided by this ordinance . . . "

On October 20, 1988, the township board of supervisors conducted a hearing for the purpose of determining whether the residential building or structure situated upon defendants' said property was a "dangerous building" according to the provisions of the ordinance.

On December 15, 1988, the township board of supervisors found the residential building or structure to in fact be a "dangerous building" under the provisions of the ordinance and ordered that it be demolished within the time constraints set forth in the ordinance.

On January 13, 1989, defendants filed in the criminal division of this court a notice of appeal from summary criminal conviction seeking review of that determination and order.[1] No summary proceed-

1. Apparently, the commonwealth was added as the prosecuting party in the caption of the case at that time.

ings were ever conducted by a district justice.

On April 6, 1989, petitioner, Union Township, filed the instant motion to dismiss defendants' summary appeal. Upon consideration of the motion, the court issued a rule upon defendants to show cause why the notice of appeal from summary criminal conviction should not be dismissed, the rule being returnable on April 26, 1989.

By order of court dated April 28, 1989, the court granted Union Township's petition to make rule absolute due to defendants' failure to respond on or before April 26, 1989. Defendants' appeal was thereby dismissed. Later on that same date, defendants filed an answer to rule to show cause.

Defendants subsequently presented a petition to set aside the order of court dated April 28, 1989 on the grounds that they had not received pursuant to local Rule of Civil Procedure 100 notice that the petition to make rule absolute was being presented to the court. By order of court dated May 5, 1989, the court vacated the April 28, 1989 order and permitted defendants' answer.

Thus, we are now called upon to address the merits of Union Township's motion to dismiss defendants' summary appeal. The motion alleges that the notice of appeal filed by defendants is improper and contrary to law for the reason that defendants were not charged with, nor convicted of, a summary criminal offense. The essential question confronting us then is whether the previous proceedings against defendants were criminal in nature so that appeal to the criminal division of this court would be proper.

The question of the proper classification of an action before a magistrate or district justice against an individual for the violation of a municipal ordinance as civil or criminal appeared to have been

finally answered in *York v. Baynes,* 188 Pa. Super. 581, 149 A.2d 681 (1959) and *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514 (1964):

"It is our opinion, that an action brought against a defendant for the violation of a municipal ordinance is a suit for the recovery of a penalty due the municipality and is a civil proceeding. It is not a summary proceeding, which is a criminal proceeding, even though it may be started by a warrant. A judgment entered against a defendant for the violation of a municipal ordinance is for a penalty, even though it may be referred to by the legislature and the magistrate as a 'fine.' Appeals from judgments entered by magistrates to recover penalties for violation of municipal ordinances must be taken to the court of common pleas. The courts of quarter sessions have no jurisdiction over such appeals."[2] *Commonwealth v. Ashenfelder, supra* at 524, 198 A.2d at 517, *quoting York v. Baynes, supra* at 585, 149 A.2d at 683. See also, *City of Easton v. Marra,* 230 Pa. Super. 352, 326 A.2d 637 (1974).

Indeed, when confronted with this same problem in *City of Philadelphia v. Home Agency Inc.,* 4 Pa. Commw. 174, 285 A.2d 196 (1971), the Commonwealth Court declared:

"So many practitioners have been broken on the anvil of the principle settled by the cases cited, that we feel strongly that it should not be put in question again in this case." *Id.* at 177, 285 A.2d at 198. The steadfast application of this principle to certain types of ordinances has, however, been cast into doubt by subsequent cases and the Rules of Criminal Procedure.

---

2. Under the separate courts system, the court of common pleas had jurisdiction over appeals civil in nature, while the court of quarter sessions had jurisdiction over appeals criminal in nature.

In *Lower Merion Township v. Schenk*, 247 Pa. Super. 494, 372 A.2d 934 (1977), upon which defendants herein rely, the Superior Court held that Pa.R.Crim.P. 67, adopted September 18, 1973, effective January 1, 1974, overruled prior case law and made the violation of the township ordinance in question a criminal offense.[3] This decision was based upon the court's interpretation of rule 67 and various definitions contained within Pa.R.Crim.P. 3 applicable to all Rules of Criminal Procedure.[4] Specifically, the court referred to rule 67(f) which provided that "[t]his rule shall provide the *exclusive* means of appealing from a summary conviction . . ." (emphasis supplied by Superior Court) The court also referred to the definitions for "criminal proceedings" and "penal laws" contained within rule 3. Rule 3(f) defined "criminal proceedings" to "include all actions for the enforcement of the penal law." Rule 3(k) defined "penal laws" to "include all statutes and embodiments of the common law which establish, create or define crimes or offenses *including any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty*." (emphasis supplied by Superior Court)

Although the ordinance in question in that case did not expressly provide for imprisonment upon failure to pay a fine or penalty, the court nonetheless noted that by statute a defendant could be imprisoned if he defaulted on the payment of a fine or penalty imposed after judgment was entered against him. (Citing Act of June 24, 1931, P.L. 1206, Art. 33, §3304; Act of May 27, 1949, P.L. 1955, §62, 53 P.S. §58304.) The court reasoned

---

3. A plurality opinion written by Judge Spaeth for himself and Judges Watkins and Cercone, with Judge Hoffman concurring in the result.

4. Rule 67 was replaced by current Pa.R.Crim.P. 86.

then that the statute brought the ordinance in question within the definition of "penal laws."

In *Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981), the question of the proper classification of proceedings arose in the context of a double-jeopardy claim. The issue therein was whether the proceedings commenced against the appellant for violation of various municipal ordinances were criminal in nature so that a verdict of "not guilty" following a hearing de novo by the court of common pleas was a judgment of acquittal on the merits, which would under the principles of double jeopardy bar an appeal by the borough.

The ordinance in question in that case provided, inter alia, that a person convicted of violations before any district magistrate shall be sentenced to pay a fine of not more than $300 or to imprisonment in the county jail for a term not to exceed 30 days, or both.

The court, similar to the court in *Lower Merion Township v. Schenk, supra,* referred to the definitions of "criminal proceedings" and "penal laws" contained within the Rules of Criminal Procedure. The court then concluded that "[t]hese definitions (which were in effect in 1976) remove any doubt as to the nature of the instant proceedings — they are criminal proceedings." *Borough of West Chester v. Lal, supra* at 391, 426 A.2d at 605. The court further concluded that it was clear these proceedings were designed to enforce the penal laws of the borough and that the action was, therefore, a criminal proceeding.

In *Commonwealth v. Bellis,* 279 Pa. Super. 421, 421 A.2d 271 (1980), Judge Spaeth noted in footnote 7 to his concurring opinion that section 10-109 of the Philadelphia Home Rule Charter, which provided that a person who violated section 10-110 thereof could be fined $300, imprisoned 90 days,

and removed from office, was a penal provision. (Citing *Lower Merion Township v. Schenk, supra.*)

Though factually distinguishable from the case sub judice, these cases clearly indicate that the established principle of classifying the prosecution of violations of municipal ordinances as civil proceedings should no longer be followed with regard to ordinances which provide for possible imprisonment upon conviction.

We turn now to the Rules of Criminal Procedure. Though renumbered, the definitions of "criminal proceedings" and "penal laws" contained within Pa.R.Crim.P. 3 have remained unchanged. "Criminal proceedings include all actions for the enforcement of the penal laws." Pa.R.Crim.P 3(h). "Penal laws include . . . any ordinances which may provide for imprisonment upon conviction or upon failure to pay a fine or penalty." *Id.* at 3(n).

In addition, Pa.R.Crim.P. 86, entitled "Appeals from Summary Judgments," adopted July 12, 1985, effective January 1, 1986, provides in relevant part:

"(a) When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, an appeal shall be perfected by filing a notice of appeal within 30 days after the conviction or other final order from which the appeal is taken. The notice of appeal shall be filed with the officer of the court of common pleas designated to receive such papers.

. . .

"(g) This rule shall provide the exclusive means of appealing from a summary conviction. Courts of common pleas shall not issue writs of certiorari in such cases."

The official comment to that rule further provides in relevant part:

"This rule replaces former rule 67. It applies to appeals in all summary proceedings, including prosecutions for violations of municipal ordinances which provide for the possibility of imprisonment and default hearings.

"The Rules of Criminal Procedure are applicable generally to these proceedings. See, e.g., rules 3(m) and 3(n), Chapter 50 (Summary Cases), and Chapter 6000. The narrow holding in *City of Easton v. Marra*, 230 Pa. Super. 352, 326 A.2d 637 (1974), is not in conflict, since the record before the court did not indicate that imprisonment was possible under the ordinance there in question."

It is evident then that rule 86 was intended to apply to all appeals from prosecutions for violations of municipal ordinances which provide for possible imprisonment upon conviction.

The ordinance involved in the case sub judice provides for fines or imprisonment upon conviction before a district justice for failing to comply with the township board of supervisors' order to repair, vacate or demolish a "dangerous building." Consequently, we conclude that prosecutions for the violations of this ordinance would properly be classified as criminal in nature and that appeals therefrom to the criminal division of this court would therefore be proper.

That conclusion does not however end our consideration of this case. As stated previously, rule 86(a) specifically refers to "a *prosecution* for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine ... " (emphasis supplied) The term "prosecution" is not defined within the Rules of Criminal Procedure.

According to the Statutory Construction Act of 1972, 1 Pa.C.S. §1501 et seq:

"Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition." 1 Pa.C.S. §1903(a).

The term "prosecution" is neither a technical term nor one defined in the act's definition section, 1 Pa.C.S. §1991. Consequently, the term must be construed according to its common and approved usage.

Black's Law Dictionary defines the term "prosecution" as:

"A criminal action; a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime. The continuous following up, through instrumentalities created by law, of a person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused." *Black's,* Abridged Fifth Edition at 638 (1983).

Accepting this definition of the term, we conclude that no such "prosecution" took place in the case sub judice.

Defendants herein concede that no summary proceedings before a district justice occurred. They assert, however, that the "court" in this case was constituted by the township board of supervisors holding a hearing to determine the application of the enforcement provisions of the ordinance. The board of supervisors was not sitting in judgment of the question of a violation of the ordinance. We do

not believe that such proceedings can be deemed a "prosecution for violations" of the ordinance. Such prosecution will occur if and when defendants are brought before a district justice to answer for their alleged failure to comply with the township board of supervisors' order to demolish the residential building or structure situated upon defendants' property. Consequently, we must conclude that defendants' appeal to this court is premature.[5]

Accordingly, petitioner Union Township's motion to dismiss defendants' summary appeal must be granted.

## ORDER OF COURT

Now, August 30, 1989, in conformity with the appended memorandum opinion, petitioner Union Township's motion to dismiss defendants' summary appeal is granted, and defendants' notice of appeal from summary criminal conviction is hereby dismissed.

---

5. Due to our resolution of this matter, we need not now address defendants' contention that the appeal, if improperly filed in the criminal division of this court, should be transferred by order of court to the civil side of the court.