## Hazleton City v. Smith

George R. Hludzik, for plaintiff.
Thomas L. Kennedy, for defendant.

LOKUTA, J., May 27, 1992—

### NATURE OF PROCEEDINGS

The instant matter is before the court on the preliminary objections of the defendant, Robert Smith, t/a/d/b/a Smith Floral Co., in the nature of a motion to quash the appeal and to strike the complaint filed by the plaintiff, city of Hazleton, and also a petition raising question of jurisdiction.

### HISTORY AND FACTS

The city of Hazleton filed a complaint before District Justice Michael T. Conahan against the defendant, Smith, alleging a violation of Hazleton City Ordinance No. 84-32 which provides for installation of sidewalks in certain areas of the city, in accordance with a "Streetscape Improvement Plan." Violation of the Ordinance is punishable by a fine of $600 plus costs, or in default of payment, by imprisonment for not more than 90 days.

On February 18, 1992, the defendant was found "not guilty" by Magistrate Conahan. On March 20, 1992, the plaintiff, city of Hazleton, filed a notice of appeal to the Civil Division of the Luzerne County Court of Common Pleas and, on April 9, 1992, filed a civil complaint against the defendant. On April 20, 1992, the defendant filed the preliminary objections now before the court contending that the appeal of the city of Hazleton should be stricken because it fails to confirm to Pa.R.Crim.P. 86 governing appeals from summary convictions. The defendant additionally maintains that, since the proceeding before the magistrate was penal in nature, the city of Hazleton has no right to appeal from a finding of "not guilty." The city contends that an appeal from a summary violation of a municipal ordinance is a civil matter, and was thus properly appealed to the Civil Division of the court.

## DISCUSSION AND LAW

The question presented is whether the proceeding against the defendant before the district justice was criminal in nature and therefore required an appeal (if allowable) to the Criminal Division of the Court of Common Pleas.

The Pennsylvania Rule of Criminal Procedure 86 provides in pertinent part:

"(a) When an appeal is authorized by law in a summary proceeding, *including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine,* an appeal shall be perfected by filing a notice of appeal within 30 days after conviction or other final order from which the appeal is taken.

"The notice of appeal shall be filed with the Officer of the Court of Common Pleas designated to receive such papers....

"(g) This rule shall provide the exclusive means of appealing from a summary conviction." (emphasis added)

Prior to the adoption of former Pa.R.Crim.P. 67 (the precursor of current Rule 86) on September 18, 1973, effective January 1, 1974, an action brought against a defendant for the violation of a municipal ordinance was considered a suit for the recovery of a penalty due the municipality and a civil proceeding, therefore, appeals from magistrates' judgments to recover penalties for such violations were to be taken to the Court of Common Pleas (now the Civil Division), not to the Courts of Quarter Sessions (now the Criminal Division). See *Commonwealth v. Ashenfelder,* 413 Pa. 517, 198 A.2d 514 (1964), quoting with approval, *York v. Baynes,* 188 Pa. Super. 581, 149 A.2d 681 (1959).

In *Lower Merion Township v. Schenk,* 247 Pa. Super. 494, 372 A.2d 934 (1977), the Superior Court held that the adoption of Pa.R.Crim.P. 67 (current Rule 86) overruled prior case law and made violation of a municipal ordinance a criminal matter when the ordinance provides for imprisonment upon conviction or upon failure to pay a fine. See also *Commonwealth v. Vigne,* 3 D.&C.4th 339 (1989).

In light of the foregoing, we shall sustain the defendant's preliminary objection and strike the appeal of the city of Hazleton for lack of conformity to Pa.R.Crim.P. 86 and, by so doing, defendant's double jeopardy argument, while we think well taken, is rendered moot.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The preliminary objection of the defendant, Robert Smith, t/a/d/b/a Smith Floral Co., is sustained and the appeal of the plaintiff, city of Hazleton, is hereby stricken.

(2) The prothonotary is directed to mail notice of the entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.